# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO ESTRADA,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN CATES, Warden,<br><br>    Respondent. | Case No. 1:21-cv-00473-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[30-DAY OBJECTION DEADLINE] |

    Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at California Correctional Institution located in Tehachapi, California. In this habeas petition, he challenges a disciplinary hearing held on August 23, 2019, in which he was found guilty of possession of a cellular telephone. The Court has conducted a preliminary review of the petition and finds that it is clear that Petitioner is not entitled to habeas relief. Therefore, the Court will recommend the petition be **SUMMARILY DISMISSED**.

## DISCUSSION

A.   <u>Preliminary Review of Petition</u>

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.   Facts[1]

On August 1, 2019, at approximately 1500 hours, Correctional Officer Castellon was conducting a random cell search in Housing Unit B2-C-206 occupied by Petitioner and Inmate Balbuena. During his search, Castellon located an LG smartphone wedged between the cell wall and the left side of a light fixture. The cell phone was unlocked and upon inspection showed both inmates having possession of the cell phone. Castellon viewed an image of Petitioner "facetiming" a family member in a hospital.

C.   Procedural History

On August 1, 2019, a Rules Violation Report was issued for possession of a cellular telephone. (Doc. 1 at 18.) On August 14, 2019, Petitioner was served with a copy of the Rules Violation Report. (Doc. 1 at 18.)

On August 20, 2019, a disciplinary hearing commenced. (Doc. 1 at 18.) The hearing was postponed in order to secure the testimony of Officer Castellon. (Doc. 1 at 6.) On August 23, 2019, the disciplinary hearing resumed. Petitioner denied the charges and stated, "The phone wasn't mine." (Doc. 1 at 22.) Petitioner's cellmate Balbuena also provided a statement: "That was my phone. I took the picture. He didn't know." (Doc. 1 at 21.) The Senior Hearing Officer ("SHO") asked Officer Castellon if Petitioner was alert in the picture he had viewed. Officer Castellon testified that Petitioner was definitely awake, and that the picture showed Petitioner facetiming a family member in a hospital. (Doc. 1 at 21.) The SHO found Petitioner guilty of possession of a cellular telephone based on the preponderance of evidence. The SHO based his findings on the reporting officer's written report and Officer Castellon's testimony. (Doc. 1 at

---

[1] The facts are derived from the Rules Violation Report and the Disciplinary Hearing Results attached by Petitioner to his petition. (Doc. 1 at 18-26.)

22.) The SHO also found Petitioner's defense was not credible in light of the picture on the phone, and that despite Balbuena claiming ownership of the phone, it was located in a common area of the cell. (Doc. 1 at 21.) Petitioner was sanctioned with 90-days loss of credits. (Doc. 1 at 23.)

Petitioner states he filed petitions for writ of habeas corpus in the Kern County Superior Court, California Court of Appeal, Fifth Appellate District, and the California Supreme Court. (Doc. 1 at 8-9.) All of those petitions were denied. (Doc. 1 at 8-9.)

D.   Due Process Rights in Prison Disciplinary Proceedings

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

Petitioner contends his procedural due process protections were violated. He claims that at the hearing he asked the SHO to view photographs taken of the confiscated phone. (Doc. 1 at 6.) According to the Disciplinary Hearing Report, however, no photographs of the confiscated cellular phone were taken. (Doc. 1 at 22.) Thus, Petitioner fails to show a denial of his due process rights. Even if photographs of the telephone were taken, Petitioner fails to demonstrate

that there was not at least some evidence to support the decision.  See Hill, 472 U.S. at 455 ("the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.")  The Rules Violation Report of the officer and the officer's hearing testimony constituted some evidence of Petitioner's guilt.

For the foregoing reasons, the Court finds that Petitioner fails to demonstrate that his due process rights were violated.  Wolff, 418 U.S. at 564; Hill, 472 U.S. at 455.  The petition should be dismissed.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be SUMMARILY DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 23, 2021**                   /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

4