UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO ESTRADA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>BRIAN CATES, Warden,<br><br>　　　　Respondent. | No. 1:21-cv-00473-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 5) |

Petitioner Leonardo Estrada is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 24, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition be summarily dismissed. (Doc. No. 5.) Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service. (*Id.* at 4.) On April 26, 2021, petitioner filed objections to the findings and recommendations. (Doc. No. 7.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. In his objections, petitioner argues that he was not allowed to present documentary evidence in his defense at his prison disciplinary hearing, specifically "the photograph of the image [the officer] view[ed] on the cell phone."[1] (*Id.* at 2.) According to petitioner, that image "would have prove[d] or disprove[d] the facts in [the rules violation report]." (*Id.*) Ultimately, petitioner argues that there was no evidence of guilt presented at his prison disciplinary hearing. Petitioner claims that the rules violation report and the reporting correctional officer's testimony did not constitute any evidence, and that the presiding Senior Hearing Officer ("SHO") could have viewed the phone's contents himself rather than relying only on the officer's testimony.

Petitioner's arguments regarding the quality or strength of the evidence upon which his disciplinary conviction was based are without merit. As correctly noted in the pending findings and recommendations, due process is satisfied if there is at least "some evidence" of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1984). Here, the SHO "found Petitioner's defense was not credible in light of the picture on the phone, and that despite [his cellmate] claiming ownership of the phone, it was located in a common area of the cell." (Doc. No. 5 at 3; *see also* Doc. No. 1 at 22.) Contrary to petitioner's assertion, the officer's testimony and the rules violation report constitute "some evidence" of petitioner's guilt. Had the hearing officer also conducted a review of the cellphone images, this would perhaps have provided further evidence of petitioner's guilt, but there is no argument made by petitioner that such images did not exist. Petitioner thus fails to show that there was not at least some evidence of his guilt introduced at his prison disciplinary hearing.

Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record

/////

---

[1] To the extent that petitioner argues he was not allowed to present or was not provided with photographs of the actual phone, as noted by the magistrate judge, no such photographs were taken. (Doc. No. 5 at 3.)

2

and proper analysis.  Petitioner's objections present no grounds for questioning the magistrate judge's analysis.

In addition, the court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  28 U.S.C. § 2253(a)-(c); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on March 24, 2021 (Doc. No. 5), are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed with prejudice;

3. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to enter judgment and close the case; and

4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **May 28, 2021**

UNITED STATES DISTRICT JUDGE